IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LSG TECHNOLOGIES, INC. f/k/a LOMA ALTA CORPORATION and LONGHORN GASKET AND SUPPLY COMPANY, | § § § § § § § § § § § § § | CAUSE NO. 2:07-cv-399 |
| Plaintiffs | | |
| vs. | | **JURY** |
| UNITED STATES FIRE INSURANCE COMPANY | | |
| Defendant. | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, LSG Technologies, Inc. f/k/a Loma Alta Corporation and its wholly owned subsidiary, Longhorn Gasket and Supply Company, hereinafter "Plaintiffs" or specifically referred to by name, and make and file this their Plaintiffs' Original Complaint and Petition for Declaratory Judgment pursuant to Chapter 37.001 *et seq.* of the *Texas Civil Practice & Remedies Code* against United States Fire Insurance Company, hereinafter "Defendant" and would show unto the Court as follows:

**1. THE PARTIES.**

1.1    Plaintiff LGS Technologies f/k/a Loma Alta Corporation is a Nevada corporation.

1.2    Longhorn Gasket and Supply Company is a wholly owned subsidiary of LGS Technologies f/k/a Loma Alta Corporation.  Longhorn Gasket and Supply Company is a named Defendant in numerous asbestos and mixed dust cases that have been and are currently on file in state district courts located within the Eastern District of Texas.

1.3     United States Fire Insurance Company is a foreign corporation authorized to conduct business in the State of Texas and its designated agent for service of citation is Lisa Pietenpol, 6404 International Parkway, Suite 1000, Plano, Texas 75093-8227.

## 2.  JURISDICTION AND VENUE

2.1     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 (a) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states creating complete diversity.

2.2     Venue is proper pursuant to 28 U.S.C. §1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 3.  FACTS

3.1     Plaintiff, Longhorn Gasket and Supply Company, has been a defendant in numerous asbestos and mixed dust lawsuits filed throughout the State of Texas, including lawsuits filed within State District Courts for the Eastern District of Texas.  Plaintiffs had primary insurance coverage for its products including defense and indemnification of asbestos and mixed dust claims through insurance companies including Trinity Universal Insurance Company and Cigna Insurance Company.


3.2     In addition to the primary insurance policies, Plaintiffs were covered through excess insurance policies for products claims which included claims for asbestos and mixed dust through policies issued by Defendant.  Defendant issued to Plaintiffs excess insurance policies which included (possibly among others) the following policy numbers:  523-021189-5;  523-082343-6; 523-146479-4; 523-170233-1; 523-224386-1; 523-326225-6; 523-406816-1; and 520-008020

3.3     Primary policies limits that were in place and written by Trinity Universal Insurance Company and Cigna Insurance Company for the years in which excess policies were also provided by Defendant have been exhausted.  As the primary policies' limits have now been exhausted, the excess policies provided by Defendant are now activated and Defendant is obligated for indemnification and defense of the claims arising out of years in which the excess policies were provided by Defendant to Plaintiffs.  The ultimate net loss in these asbestos and mixed dust cases has now triggered coverage under the excess policies of Defendant.

3.4     Plaintiffs, and specifically Longhorn Gasket and Supply Company, continue to be Defendants in multiple asbestos and mixed dust lawsuits filed throughout the state.  Counsel for Plaintiffs, and specifically Longhorn Gasket and Supply Company, have received settlement offers in those asbestos and mixed dust cases that are reasonable offers and which would eliminate exposure to Plaintiffs if those cases were settled.  Counsel for Plaintiffs, and specifically Longhorn Gasket and Supply Company, in those asbestos and mixed dust cases have advised Defendant of those settlement offers and have requested settlement authority.  Defendant has at all times refused to acknowledge even the request for settlement authority, much less extend any settlement authority whatsoever.  Further, Defendant has at all times refused to acknowledge and accept coverage through the excess policies provided by Defendant despite having charged Plaintiffs for, and having accepted, insurance premiums for that very coverage.

## 4. CAUSE OF ACTION

### BREACH OF CONTRACT

4.1    Plaintiffs hereby incorporate the factual background set forth hereinabove.

4.2    Defendant's refusal to acknowledge the applicability of coverage, refusal to provide settlement authority, refusal to negotiate with Plaintiffs (and with other insurance carriers who also have coverage in place for Plaintiffs) to eliminate the exposure of Plaintiffs in those outstanding asbestos and mixed dust lawsuits amounts to a breach of contract. Defendant's breach of contract has been a cause of damages to Plaintiffs.

### INSURANCE CODE VIOLATIONS

4.3    Plaintiffs hereby incorporate the factual background set forth hereinabove.

4.4    Defendant's conduct as set forth above constitutes a violation of § 541.060(a)(2) (3), (4), (5) of the *Texas Insurance Code.*

4.5    Plaintiffs relied on the acts or practices of Defendant to its detriment.

4.6    Defendants knowingly committed the violations referenced above. Accordingly, Plaintiffs seek, in addition to actual damages, court costs and attorney's fees and an amount not to exceed three times the amount of actual damages.

### DECLARATORY JUDGMENT

4.7    Plaintiffs hereby incorporate the factual background set forth hereinabove.

4.8    Plaintiffs seek a declaration from the court and jury that the excess insurance policies written by Defendant in favor of Plaintiffs are activated, applicable, enforceable and cover the claims being made against Plaintiffs in multiple asbestos and mixed dust lawsuits filed throughout the state of Texas.

## 5. DAMAGES

5.1     As a result of Defendant's conduct set forth above, Plaintiffs have sustained and continue to sustain severe and ongoing damages.  Plaintiffs have or will be required to expend funds and suffer losses and suffer exposure to potential liability and losses through settlement and/or judgment of suits that are pending and those to which will be filed for which coverage is applicable through Defendant, which has all caused damages to Plaintiffs in an amount in excess of $75,000.00.

5.2     As a direct result of Defendant's actions set forth above, it was necessary for Plaintiffs to retain the services of the undersigned attorneys.  Plaintiffs are entitled to recover reasonable and necessary attorney's fees incurred in prosecuting this action for the trial of this cause, with additional fees necessary in the event of an appeal.

## 6. JURY

6.1     Plaintiffs demand a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final hearing, the Court enter Judgment in favor of Plaintiffs against Defendant for actual damages, treble damages, costs of Court, attorney's fees, pre and post judgment interest, and for such other and further relief to which Plaintiffs may be entitled both at law and in equity.

    Respectfully submitted,

    WARD AND SMITH LAW FIRM
    P.O. Box 1231
    Longview, Texas 75606-1231
    (903) 757-6400 (telephone)
    (903) 757-2323 (facsimile)

By: _____
    BRUCE A. SMITH,
    SBN 18542800
    T. JOHN WARD, JR.
    SBN 00794818
**ATTORNEYS FOR PLAINTIFFS**