IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LGS TECHNOLOGIES, LP, as successor in interest to LGS Technologies, Inc. f/k/a LONGHORN GASKET AND SUPPLY COMPANY, and LOMA ALTA CORPORATION<br>Plaintiffs,[1]<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br>Defendant. | CAUSE NO. 2:07-CV-399 |

# ORDER

Before the Court are the Report and Recommendation of the Court-Appointed Special Master, **Dkt. No. 455**, Defendant United States Fire Insurance Company's ("U.S. Fire's") objections to the Special Master's Report and Recommendation, **Dkt. No. 471**, and Intervenors Trinity Lloyd's Insurance Company and Trinity Universal Insurance Company's (collectively, "Trinity's") Response to U.S. Fire's objections to the Special Master's Report and Recommendation, **Dkt. No. 473**.

The Special Master was assigned the duty of assisting the Court with the legal analysis of the parties' submissions. In performance of his duties, the Special Master made certain recommendations to the Court concerning (i) the second motion for partial summary judgment filed by the LGS Plaintiffs; (ii) and (iii) the second and third motions for partial summary judgment filed by Trinity; (iv) a motion to reconsider the Court's ruling on extracontractual

---

[1] This case caption reflects the corrected names of the Plaintiffs in this case as ordered by the Court on August 18, 2014. (Dkt. No. 402).

claims filed by the LGS Plaintiffs; and (v) objections to portions of the submitted evidence filed by U.S. Fire.

The Special Master's Report and Recommendation was issued on March 2, 2015. On May 8, 2015, Trinity filed its Fourth Motion for Partial Summary Judgment, which relies upon and adopts certain arguments and evidence in the LGS Plaintiffs' second motion for summary judgment. At that same time, U.S. Fire filed its own motion for summary judgment. These motions are fully briefed and are pending before the Court.

In the meantime, the Court issued an Order to Show Cause on May 29, 2015, indicating the Court intended to consider the Special Master's Report and Recommendation and directing the parties to show cause as to why it should not be adopted. The parties were given ten business days to respond. U.S. Fire filed objections to the Special Master's Report and Recommendation; Trinity did not. Trinity responded to U.S. Fire's objections. **Dkt. Nos. 471, 473.**

Thereafter, the LGS Plaintiffs filed a Stipulation of Dismissal with Prejudice. **Dkt. No. 472**. The LGS Plaintiffs are no longer a party to this action.

U.S. Fire contends the Special Master's recommendation as it pertains to LGS's second motion for partial summary judgment has been mooted by US Fire's settlement with LGS. The contention is unavailing. Trinity has adopted and relied upon the evidence and arguments made by the LGS Plaintiffs in Trinity's now-pending fourth summary judgment motion. The Special Master's recommended findings are a partial underpinning of Trinity's now-pending motion. That evidence and those arguments are as applicable to Trinity standing in the shoes of LGS under the doctrine of equitable subrogation as they are to the LGS Plaintiffs in the first instance. And, of course, the litigation between Trinity and U.S. Fire is an ongoing case.

For all of these reasons, all of the Special Master's recommendations, including those that pertain to LGS's motion, remain relevant and ripe. U.S. Fire's objections to mootness are overruled. The Special Master's recommendation regarding LGS's second motion for summary judgment is ADOPTED.

However, the Special Master's recommendation regarding LGS' motion to reconsider the Court's rulings on its extracontractual claims against U.S. Fire (Dkt. No. 395) is moot due to the settlement between LGS and U.S. Fire. Therefore, that recommendation is REJECTED as moot.

U.S. Fire next seeks to revisit the Court's 2010 order on summary judgment, specifically the vertical exhaustion ruling, and the Special Master's recommendations based on the Court's vertical exhaustion ruling. U.S. Fire also objects to the Special Master's statement that the Court's *Erie* guess on that subject has since been proven correct by the Texas Supreme Court's decision in *Lennar Corp. v. Markel Am. Inc. Co.*, 413, S.W.3d 750 (Tex. 2013).

U.S. Fire endeavors to distinguish *Lennar* and the *Garcia* case[2] on which *Lennar* and this Court, rendering its *Erie* guess in 2010, relied. What U.S. Fire does not do is cite any Texas authority that tells this Court its *Erie* guess was wrong, or that vertical exhaustion is not the law in Texas. *See Trammell Crow Residential Co. v. St. Paul Fire and Marine Ins. Co.*, No. 3:11-cv-2853-N (order of Godbey, J., Jan. 12, 2014) (holding Texas law requires vertical exhaustion). Moreover, U.S. Fire's effort to distinguish *Lennar* as a case that "did not involve any excess carriers or policies," and only involved primary carriers is plainly wrong. *Lennar* clearly involved an umbrella carrier. The opinion states the sole remaining defendant in the *Lennar* case was Markel American Insurance Company, "which had provided a $25 million commercial umbrella policy." *Lennar*, 413 S.W.3d at 752 (emphasis added).

---

[2] *Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842 (Tex. 1994).

The Court rejects U.S. Fire's arguments regarding its vertical exhaustion finding, rejects its efforts to distinguish *Lennar*, and rejects U.S. Fire's objections to the Special Master's recommendations which rely on vertical exhaustion. The Court ADOPTS the Special Master's recommendations.

U.S. Fire renews its evidentiary objections to the Marcus Carroll affidavit and accompanying exhibits. Its arguments are rejected. The affidavit and exhibits are admissible, if not for the reasons the Special Master stated, then at a minimum because they meet the elements of the residual exception in Fed. R. Evid. 807. The Special Master's recommendation regarding those evidentiary objections is ACCEPTED.

U.S. Fire also interposes other objections raising alleged fact questions that it says preclude summary judgment and require a trial – specifically the issue of when LGS asbestos-containing gaskets were sold and to which facilities. The Court notes that the Special Master thoroughly considered these issues and discussed them in his Report. The Court agrees with the Special Master's analysis and rejects U.S. Fire's objections.

First, U.S. Fire is essentially asking for mini-trials on this topic. U.S. Fire is not entitled to such mini-trials. The Court has already so ruled. Second, the issues U.S. Fire attempts to raise do not create *genuine* issues for trial, and they are insufficiently *material*. The issue here is simply whether the primary insurer exhausted its policy limits so as to put the umbrella policy in play. Whether and when LGS sold asbestos-containing gaskets is immaterial to whether there are claims that have already been paid by Trinity sufficient to exhaust its coverage. The exposure information put forward by LGS was to comply with Judge Folsom's 2010 Order to group claimants into occurrences in order to establish exhaustion of the primary policy and spiking into the excess layer. So spiked, there is no genuine issue for trial on LGS' sales history

of asbestos-containing gaskets that matters for determining how much Trinity may have paid in settlement claims that properly belongs in U.S. Fire's excess layer. Third, the Court notes that although U.S. Fire believes there are issues of fact regarding when asbestos-containing gaskets were sold and to which facilities, U.S. Fire presents no evidence to controvert LGS's sales records, despite having had access to defense counsel's files for years. *See* Dkt. No. 316, Exh. F at pp. 258-60.

The Court therefore overrules U.S. Fire's objection on the grounds that issues of fact preclude summary judgment. The Court ACCEPTS the Special Master's recommendation.

U.S. Fire raises an objection to the Special Master's statement that Trinity had presented a "compelling argument" for U.S. Fire's duty to defend. This is a statement by the Special Master with a thorough supporting analysis, but is not a recommendation *per se*. In fact, the only recommended finding pertaining to a duty to defend is that the Court deny Trinity's motion for summary judgment. The Court ACCEPTS that recommendation. Therefore, U.S. Fire's objections to the Special Master's statements and reasoning need not be ruled on at this time.

For the reasons stated above, the Court accepts the Special Master's recommendation and GRANTS IN PART and DENIES IN PART Plaintiffs' LGS Technologies, LP, as successor in interest to LGS Technologies, Inc., f/k/a Longhorn Gasket and Supply Company, and Loma Alta Corporation's Second Motion for Partial Summary Judgment on the grounds and for the reasons stated in the Special Master's Report. **Dkt. No. 126**.

The Court accepts the Special Master's recommendation and DENIES Intervenors' Trinity Lloyd's Insurance Company and Trinity Universal Insurance Company's Second Motion for Partial Summary Judgment. **Dkt. No. 250.**

The Court accepts the Special Master's recommendation and DENIES Intervenors' Trinity Lloyd's Insurance Company and Trinity Universal Insurance Company's Third Motion for Partial Summary Judgment. **Dkt. No. 110**.

The Court accepts the Special Master's recommendation and OVERRULES Defendant United States Fire Insurance Company's Objections to Portions of Evidence attached to Plaintiffs' Second Motion for Partial Summary Judgment. **Dkt. No. 295**, and OVERRULES IN PART Defendant United States Fire Insurance Company's Objections to Portions of Evidence attached to Intervenors' Second Motion for Partial Summary Judgment (as it concerns the identical evidentiary submissions) on the grounds and for the reasons stated in the Special Master's Report. **Dkt. No. 296.**

The Court accepts the Special Master's recommendation and SUSTAINS IN PART Defendant United States Fire Insurance Company's Objections to Portions of Evidence attached to Intervenors' Second Motion for Partial Summary Judgment (as it concerns Paragraph 6 of the Nikki Stowers affidavit (found at Dkt. 250-1)) on the grounds and for the reasons stated in the Special Master's Report. **Dkt. No. 296.**

The Court accepts the Special Master's recommendation and OVERRULES Defendant United States Fire Insurance Company's Objections to Portions of Evidence attached to Intervenors' Third Motion for Partial Summary Judgment. **Dkt. No. 297.**

The Court rejects as moot the Special Master's recommendation regarding Plaintiffs' Motion to Reconsider Ruling on Extracontractual Claims and DENIES that motion. **Dkt. No. 395**.

**So ORDERED and SIGNED this 31st day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE